UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>JEROME BANKS; ROBERTA BANKS,<br><br>Defendants. | No. 2:15-cv-0644 TLN DAD PS<br><br>ORDER & FINDINGS AND RECOMMENDATIONS |

By Notice of Removal filed March 23, 2015, this unlawful detainer action was removed from the San Joaquin County Superior Court by defendants Jerome Banks and Roberta Banks, who are proceeding pro se. Accordingly, the matter has been referred to the undersigned for all purposes encompassed by Local Rule 302(c)(21). On March 26, 2015, plaintiff filed a motion to remand and noticed the matter for hearing before the undersigned on May 1, 2015.[1] (Dkt. No. 4.)

It is well established that the statutes governing removal jurisdiction must be "strictly construed against removal." Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)). See also Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of Martinduque v. Placer

---

[1] In light of these findings and recommendations, plaintiff's motion for remand will be denied without prejudice to renewal in the event these findings and recommendations are not adopted by the assigned District Judge.

1

1  Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  "Federal jurisdiction must be rejected if there
2  is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564,
3  566 (9th Cir. 1992).  "'The burden of establishing federal jurisdiction falls on the party invoking
4  removal.'"  Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994)
5  (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir.1986)).  See also Provincial
6  Gov't of Martinduque, 582 F.3d at 1087.  In addition, "the existence of federal jurisdiction
7  depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims."
8  ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th
9  Cir. 2000).  Where it appears, as it does here, that the district court lacks subject matter
10 jurisdiction over a removed case, "the case shall be remanded."  28 U.S.C. § 1447(c).

11       In removing this action, defendants assert that this court has original jurisdiction over the
12 action "because it is a civil action arising under federal law and in which a federal statute is
13 drawn in controversy." (Notice of Removal (Dkt. No. 1) at 2.)  In this regard, defendants assert
14 that "[p]laintiff's claim is based upon . . . the 'Protecting Tenants at Foreclosure Act of 2009,' 12
15 U.S.C. § 5201." (Id. at 3.)

16       However, it is evident from a reading of plaintiff's complaint filed in the San Joaquin
17 County Superior Court that this is nothing more than a garden-variety unlawful detainer action
18 filed against the former owners of real property located in California and that it is based wholly
19 on California law without reference to any claim under federal law.  (Id. at 10.)  As such, the
20 complaint does not involve any "claim or right arising under the Constitution, treaties or laws of
21 the United States" that would have permitted plaintiff to file this action originally in federal court.
22 See 28 U.S.C. § 1441(b).  It is also evident from defendants' Notice of Removal that any federal
23 claims that could conceivably be presented in this action arise solely from defendants' own
24 affirmative defenses and not from the plaintiff's unlawful detainer complaint.  See ARCO Envtl.
25 Remediation, LLC, 213 F.3d at 1113.  Thus, the defendants have failed to meet their burden of
26 establishing a basis for federal jurisdiction over this action.

27       Finally, the undersigned notes that this is the second time defendants have improperly
28 removed this matter to this federal court.  Defendants first removed this matter to this court on

December 18, 2014.  See U.S. Bank National Association v. Jerome Banks; Roberta Banks, No. 2:14-cv-2930 GEB EFB PS.  In that action, the assigned Magistrate Judge issued findings and recommendations on December 22, 2014 recommending that the matter be summarily remanded to San Joaquin County Superior Court for the same reasons as are noted above.  The action was remanded on January 21, 2015, when the District Judge assigned to that earlier action adopted the Magistrate Judge's December 22, 2014 findings and recommendations in full.

In light of this history, defendants are cautioned that any future attempts on their part to remove this matter to this court may result in the imposition of sanctions against them.  See Ryan Family Trust v. Chairez, No. 2:14-cv-0958 JAM KJN PS, 2014 WL 1665004, at *3 (E.D. Cal. Apr. 22, 2014) ("Defendant is cautioned that any future improper removals may result in an award of costs and expenses to Plaintiff, and/or the imposition of any other appropriate sanctions"); Wells Fargo Bank, N.A. v. Lombera, No. C12-3496 HRL, 2012 WL 3249497, at *2 (N.D. Cal. Aug. 7, 2012) (recommending the imposition of sanctions where "defendants' litigation history establishes a troubling record of repeated removals of the same unlawful detainer action, in apparent disregard of the court's prior remand orders"); U.S. Bank Nat'l Ass'n v. Mikels, No. C12-00047 CW, 2012 WL 506565, at *2 (N.D. Cal. Feb. 15, 2012) (awarding fees against a pro se defendant where the court had already remanded the case once, and then defendant removed the case a second time just before the state court was to hear summary judgment motions); see also 28 U.S.C. § 1447(c) ("[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

Accordingly, IT IS ORDERED that plaintiff's March 26, 2015 motion to remand (Dkt. No. 4) is denied without prejudice to renewal and is dropped for the court's May 1, 2015 law and motion calendar.

It is also HEREBY RECOMMENDED that this action be summarily remanded to the San Joaquin County Superior Court and that this case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  A document presenting objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 16, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\USbank0644.ud.f&rs